IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| THREE LEGGED MONKEY, L.P., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | EP-14-CV-00260-FM |
| § | |
| CITY OF EL PASO, TEXAS; § | |
| EMMA ACOSTA, in her official capacity as § | |
| City Representative for District Three of El § | |
| Paso, Texas; § | |
| JOHN F. COOK, in his official capacity as § | |
| Mayor of the City of El Paso, Texas; § | |
| ANN MORGAN LILLY, in her official § | |
| capacity as Representative for District One § | |
| of El Paso, Texas; § | |
| SUSANNAH M. BYRD, in her official § | |
| capacity as City Representative for District § | |
| Two of El Paso, Texas; § | |
| STEVE ORTEGA, in his official capacity as § | |
| City Representative for District Seven for El § | |
| Paso, Texas; and § | |
| JOYCE WILSON, in her official capacity as § | |
| City Manager of El Paso, Texas; § | |
| § | |
| Defendants. § | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S OPPOSED MOTION
FOR LEAVE TO FILE PLAINTIFF'S FOURTH AMENDED COMPLAINT**

On this day, the court considered "Plaintiff's Opposed Motion for Leave to File Plaintiff's Fourth Amended Complaint" ("Motion") [ECF No. 82], filed July 1, 2015; "Defendants City of El Paso, Texas; Emma Acosta (in her official capacity); John F. Cook (in his official capacity); Ann Morgan Lilly (in her official capacity); Susannah M. Byrd (in her official capacity); Steve Ortega (in his official capacity); and Joyce Wilson (in her official capacity)'s Response to Plaintiff's Opposed Motion for Leave to File Plaintiff's Fourth Amended Complaint [ECF No. 82]" ("Response") [ECF No. 90], filed July 2, 2015; and "Plaintiff's Reply to Defendants City of El Paso, Texas; Emma Aco[s]ta; John F. Cook, Susannah M. Byrd; Steve Ortega and Joyce Wilson (in their official capacities)'s Response to Opposed Motion for Leave to File Plaintiff's Fourth Amended Complaint" ("Reply") [ECF No. 94], filed July 9, 2015.

Pursuant to Federal Rule of Civil Procedure 15(a)(2) ("Rule 15(a)(2)"), Plaintiff Three Legged Monkey, L.P. ("Plaintiff") seeks to file an amended complaint, which "in addition to making certain non-substantive changes and deleting a factual allegation . . . seeks to add a claim for 'attorney-fee-as damages.'"[1] Without discussing the merits of Plaintiff's proposed claim, the court finds Plaintiff's Motion should be **GRANTED IN PART** to the extent it makes non-substantive changes and removes a factual allegation; and **DENIED IN PART** insofar as it adds a claim for "attorney-fee-as-damages based on equity"[2] due to undue delay and potential prejudice.

I.     BACKGROUND

Defendants City of El Paso, Texas; Emma Acosta, in her official capacity as City Representative for District Three of El Paso, Texas; John F. Cook, in his official capacity as Mayor of the City of El Paso, Texas; Ann Morgan Lilly, in her official capacity as Representative for District One of El Paso, Texas; Susannah M. Byrd, in her official capacity as City Representative for District Two of the City of El Paso, Texas; Steve Ortega, in his official capacity as City Representative for District Seven of the City of El Paso, Texas; and Joyce Wilson, in her official capacity as City Manager of El Paso, Texas (collectively, "City Defendants") do not oppose the non-substantive changes Plaintiff requests to make.[3] However, the City Defendants oppose Plaintiff's proposed claim for "attorney-fee-as-damages based on equity."[4] Plaintiff's Fourth Amended Complaint seeks to add the following claim for remedies and damages:

> attorney-fee-as-damages based on equity because (1) Plaintiff was forced to file its voluntary petition for relief under Chapter 11 of Title 11 in the Bankruptcy Court to protect the Shopping Center Lease (the "first suit"); (2) Plaintiff incurred reasonable and necessary

---

[1] Pl.'s Mot. 3 ¶ 11.

[2] *See id.*, Ex. 1, "Plaintiff's Fourth Amended Complaint," ECF No. 82-1, at 20–21 ¶ 91d.

[3] *Id.*; City Defs.' Resp. 2 ¶ 1.

[4] City Defs.' Resp. 2 ¶ 1.

2

attorney fees in good faith during the first suit; (3) this litigation (the "second suit") was the natural and proximate consequence of Defendants' tortious conduct as more particularly described herein above including entering into the Settlement Agreement a term of which required termination of the Shopping Center Lease; (4) for which Plaintiff seeks recovery in the sum of $181,000. Turner v. Turner, 385 S.W.2d 230, 234 (Tex. 1964).[5]

## II.   APPLICABLE LAW

Rule 15(a)(2) provides that a plaintiff may amend its complaint only with written consent by the opposing party or leave of the court.[6] "The court should freely give leave when justice so requires."[7] This standard must be balanced, however, with the court's power to manage the case.[8] "Permissible reasons for denying a motion for leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc."[9]

## III.   DISCUSSION

Plaintiff explains that in anticipation of the discovery deadline, its counsel discovered that "Plaintiff's Third Amended Complaint"[10] does not include a claim for "attorney-fee-as-damages," which are deemed "special" or "consequential" damages that must be pleaded with specificity.[11] Notwithstanding, Plaintiff provides no reasonable explanation for the delay or prejudice caused by filing

---

[5] Pl.'s Mot., Ex. 1, at 20–21 ¶ 91d.

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Id.*

[8] *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992) (internal citation omitted).

[9] *ISystems v. Spark Networks, Ltd.*, No. 10-10905, 2012 WL 3101672, at *5 (5th Cir. Mar. 21, 2012) (per curiam) (unpublished) (quoting *Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 556 (5th Cir. 2007) (internal quotation marks omitted)).

[10] ECF No. 55, filed Feb. 2, 2015.

[11] Pl.'s Mot. 4 ¶ 13 (citing Tex. R. Civ. P. 56; *Harkins v. Crews*, 907 S.W.2d 51, 61 (Tex. App.—San Antonio 1995, writ denied).

a Fourth Amended Complaint with such a claim.

    *A.*    *Undue Delay*

Since filing its Original Complaint in state court,[12] Plaintiff has taken advantage of three opportunities to amend its complaint, but has never sought to include a claim for "attorney-fee-as-damages" arising from the bankruptcy proceeding.[13] Indeed, Plaintiff seeks leave to add "a cause of action based on the identical, known facts that underlie its original complaint."[14] Furthermore, Plaintiff's Motion was filed after the deadlines to designate potential witnesses and testifying experts, and to file a list of proposed exhibits.[15] Significantly, Plaintiff waited to seek leave to file an amended complaint until the deadline to complete discovery and to file dispositive motions.[16] While a party should not be punished for failing to present a claim as promptly as possible, "[a] litigant's failure to assert a claim as soon as [it] could have is properly a factor to be considered in deciding whether to grant leave to amend."[17] Plaintiff has offered no reasonable justification for the delay — nearly two months before trial — to include a claim stemming from a bankruptcy proceeding initiated in June 2012.[18]

---

[12] *See* "Plaintiff's Original Petition" ("Original Complaint"), ECF No. 1-3, at 49, filed July 10, 2014.

[13] *See* "Notice of Removal," Ex. C- Part 1, "Plaintiffs' First Amended Petition," ECF No. 1-3, at 72, filed July 10, 2014; "Order Granting Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Complaint," ECF No. 29, entered Nov. 3, 2014; "Order Granting Joint Motion and Notice to Extend Certain Deadlines," ECF No. 54, at 3 ¶ 1, entered Jan. 21, 2015 (granting Plaintiff leave to file a third amended complaint).

[14] *In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996).

[15] *See* "Order Granting Plaintiffs' Unopposed Motion for Extension of Time to File Designation of Witnesses, Designation of Testifying Experts and List of Proposed Exhibits," ECF No. 50, at 2–3, entered Jan. 5, 2015.

[16] *See* "Order Granting the Parties' Joint Motion to Extend Dispositive Motion Deadline," ECF No. 78, entered May 28, 2015 (taking judicial notice of the parties' stipulation to set the discovery deadline for July 1, 2015 and extending the deadline to file dispositive motions to July 1, 2015).

[17] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003) (internal quotation marks and citation omitted).

[18] *See* Pl.'s Third Am. Compl. 10 ¶ 41.

B. *Undue Prejudice*

In addition, the City Defendants will be prejudiced in having to defend against a claim for attorney's fees arising from the bankruptcy suit at this late date. Plaintiff avers the City Defendants had notice of Plaintiff's claim for "attorney-fee-as-damages" as early as April 6, 2015.[19] In several of his answers to interrogatories by a previously-dismissed defendant, Patriot Place, Ltd., Plaintiff states:

> "Patriot's actions, in concert with the City, to enter into the City-Patriot Settlement Agreement, which agreement required termination of the 3LM Lease, and its actions thereafter seeking termination, merely as a pretext and without factual or legal basis, constituted a material breach of the 3LM Lease. Patriot's material breach required 3LM to first file the 3LM Bankruptcy Case and then expend tens of thousands of dollars in attorney's fees to preserve the 3LM Lease."[20]

Plaintiff answered similarly to the City Defendants' Interrogatory No. 4 on May 8, 2015.[21] Although Plaintiff alleges Patriot Place, Ltd. acted "in concert with the City," Plaintiff does not expressly identify the City Defendants as having proximately caused Plaintiff to file a bankruptcy petition. Rather, Plaintiff states it was "Patriot's material breach" of the sublease that served as a catalyst for bankruptcy.

Plaintiff purports to have provided additional notice to the City Defendants on June 8, 2015 by itemizing damages to include the "attorney-fee-as-damages" in Plaintiff's Supplemental Rule 26(a) Disclosures.[22] Although Plaintiff's Supplemental Rule 26(a) Disclosures have itemized attorney's fees incurred by David Ritter and Sydney Diamond in the past, they do not expressly state the fees were incurred during Plaintiff's bankruptcy proceedings.[23]

---

[19] Pl.'s Mot. 4 ¶ 14.

[20] Pl.'s Mot., Ex. A, "Three Legged Monkey, L.P.'s Responses to Patriot Place, Ltd.'s First Set of Requests for Admission, Interrogatories, and Requests for Production," ECF No. 82-2, at 4, Answer to Interrogatory No. 15; *see also id.*, at 5–8, Answers to Interrogatory Nos. 16–19.

[21] *See id.*, Ex. B, "Three Legged Monkey, L.P.'s Responses to the City Defendants' First Set of Requests for Admission, Interrogatories, and Requests for Production," ECF No. 13, at 13, Answer to Interrogatory No. 4.

[22] Pl.'s Mot. 5 ¶ 14 (citing Pl.'s Mot., Ex. C, "Plaintiff Three Legged Monkey, L.P.'s First Supplemental Rule 26(a) Disclosures" ("Supplemental Rule 26(a) Disclosures"), ECF No. 82-2.

[23] *See id.*, Ex. C, at 17.

Plaintiff also asserts it provided opposing counsel with copies of the attorney fee awards in the bankruptcy court, and that Plaintiff's owner, James Michael Armstrong ("Armstrong"), testified regarding the attorney's fees during a deposition on June 3, 2015.[24] However, during this deposition, Armstrong disputed the propriety of Mr. Diamond's fees.[25] Furthermore, the Bankruptcy Court's final award of attorney's fees is insufficient to give notice to the City Defendants, as the orders specifically direct Plaintiff to pay $155,000.00 to its special litigation counsel, Kane Russell Coleman & Logan PC, and $63,180.00 to Diamond Law.[26] Thus, it is unreasonable to infer that the City Defendants had notice that Plaintiff sought to collect attorney's fees based on the bankruptcy suit.

The City Defendants aver they will need to retain a new expert on attorney's fees in a bankruptcy case and to depose Plaintiff's prior attorneys to ascertain why certain activities and charges were made.[27] As discussed previously, the deadlines to designate experts and witnesses, serve expert reports, file exhibits, and complete discovery have all passed. Moreover, to the extent Plaintiff disputes the propriety of fees paid to Mr. Diamond, the City Defendants may not depose Plaintiff's prior counsel unless Plaintiff waives its attorney-client privilege.[28] Thus, it is clear the City Defendants would suffer

---

[24] Pl.'s Mot. at 5–6 ¶¶ 14–15 (citing *id.*, Ex. D, "Excerpt of Oral and Videotaped Deposition of James Michael Armstrong of June 3, 2015," at 275:10–276:12, ECF No. 82-2).

[25] *See* Pl.'s Mot., Ex. D, at 276:6– 277:19.

[26] *See* Pl.'s Reply, Ex. 2, "Order Granting First Interim Application of Kane Russell Coleman & Logan PC For Compensation for Services Rendered and Reimbursement of Expenses as Special Litigation Counsel to the Debtor for the Period from June 26, 2012 through April 30, 2013 as Final Award," ECF No. 94-2, at 1–3; *id.*, "Order Granting First and Final Fee Application of Diamond Law Attorneys for Three Legged Monkey, L.P. the Debtor and Debtor-in-Possession" ("Diamond Order"), ECF No. 94-2, at 4–5.

[27] City Defs.' Resp. 3–4 ¶ 4. It is irrelevant that Plaintiff only seeks the $11,000.00 retainer for Mr. Diamond's services, as that is included in the Bankruptcy Court's calculation of fees. *See* Pl.'s Reply 2–3; *id.*, Ex. 2, Diamond Order.

[28] Model Rules of Prof'l Conduct R. 1.6; Tex. Disciplinary Rules of Prof'l Conduct R. 1.05.

prejudice from Plaintiff's Motion to assert a new claim for attorney's fees in a prior bankruptcy case.[29]

## IV.   CONCLUSION

Plaintiff has asserted no reasonable explanation for either the undue delay or potential prejudice to the City Defendants caused by Plaintiff's newly asserted claim for attorney's fees based on a previous bankruptcy proceeding.  Accordingly, the court issues the following orders:

1. "Plaintiff's Opposed Motion for Leave to File Plaintiff's Fourth Amended Complaint" [ECF No. 82] is **GRANTED IN PART** to the extent it seeks to make non-substantive changes and remove a factual allegation that is unopposed by the City Defendants.

2. "Plaintiff's Opposed Motion for Leave to File Plaintiff's Fourth Amended Complaint" [ECF No. 82] is **DENIED IN PART** insofar as it seeks to add a claim for "attorney-fee-as-damages based on equity."[30]

3. Plaintiff Three Legged Monkey, L.P. **SHALL RE-FILE** "Plaintiff's Fourth Amended Complaint" [ECF No. 82-1] in accordance with this Order by **July 27, 2015**.

**SO ORDERED**.

**SIGNED** this **20th** day of **July, 2015**.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

---

[29] *See, e.g.*, *Little*, 952 F.2d at 846 (affirming an order denying leave to amend where the proposed amended complaint "was not merely clerical or corrective," but "would have required that the parties reopen discovery and alter their trial strategies").

[30] Pl.'s Mot., Ex. 1, at 20–21 ¶ 91d.